**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| NATHANIEL MCCRAY, | ) | |
| | ) | |
| *Petitioner*, | ) | No. 23 C 3768 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| CHARLES TRUITT, Warden, | ) | |
| Stateville Correctional Center, | ) | U.S.C.A. No. 25-2741 |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

**<u>OPINION & ORDER</u>**

Before the Court is Defendant-Appellant Nathaniel McCray's motion to proceed *in forma pauperis* on appeal. (Dkt. 58). For the following reasons, the motion [58] is granted.

After a trial in the Circuit Court of Cook County, a jury found McCray guilty of first-degree murder and aggravated kidnapping. (Dkt. 38-11 at 270–71, Exhibit K). He was subsequently sentenced to a cumulative sentence of 75 years—50 years' imprisonment for first degree murder and 25 years' imprisonment for aggravated kidnapping. (Dkt. 38-5 ¶ 5, Exhibit E, Second Postconviction Appeal Decision). McCray's codefendant Jennifer Reeves was also convicted in a separate proceeding. (*Id.* ¶ 5 n.1).

McCray directly appealed his trial court conviction, which the Appellate Court subsequently affirmed. (Dkt. 38-2 at 31–44, Exhibit B, Briefs for Direct Appeal; Dkt. 38-1, Exhibit A, Direct Appeal Decision). On May 3, 2011, McCray filed a *pro se* petition for postconviction relief in the Circuit Court of Cook County. (Dkt. 38-12, Exhibit L, Pro Se Postconviction Petition). The trial court summarily dismissed the petition, but the Appellate Court reversed on appeal, concluding that "[t]he trial court erred when it denied defendant McCray's request for separate verdict forms, and the error provided a meritorious issue for appeal." (Dkt. 38-3 at 11, Exhibit C, First Postconviction Appeal Decision). The full scope of McCray's post-trial proceedings are detailed in this Court's prior ruling. For present purposes, the most pertinent recent event took place in September 2025, when this Court denied McCray's petition of habeas corpus pursuant to 28 U.S.C. § 2254 and declined to issue a certificate of appealability under 28 U.S.C. § 2253(c). (Dkt. 48). The Court also denied his motion for *in camera* inspection and production of Grand Jury testimony. (Dkt. 49).

McCray then filed a motion to alter or amend judgment, which remains pending in front of this Court. (Dkt. 51). A week later, McCray entered his notice of appeal to the Seventh Circuit regarding both the Court's ruling on his habeas petition and the denial of the motion regarding the

1

*in camera* inspection and Grand Jury testimony. (Dkt. 52). On October 14, 2025, McCray filed before this Court a *pro se* application to proceed *in forma pauperis* on appeal. (Dkt. 58).

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner seeking to appeal IFP must pay the full filing fee. He may, however, seek leave to proceed without prepayment of fees by submitting an affidavit which states all assets the applicant possesses, the nature of the appeal, and the applicant's belief that they are entitled to redress. 28 U.S.C. § 1915(a). Specifically, for appellate review, Federal Rule of Appellate Procedure 24(a)(1) requires a party who wishes to proceed *in forma pauperis* on appeal to attach an affidavit that (1) shows that the party cannot pay the filing fee; (2) "claims an entitlement to redress;" and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

An appeal "may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915(a)(3) is not about the sincerity in requesting appellate review. An appeal taken in "good faith" is one that objectively raises nonfrivolous, colorable issues. *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J. concurring); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000). Phrased another way, a party seeking leave to appeal *in forma pauperis* must demonstrate to the district court that "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee*, 209 F.3d at 1026.

McCray is currently incarcerated and has $685.07 in his accounts at Shawnee Correctional Center. (Dkt. 58 at 7). He states that he depends on gifts from friends to survive and that those sums are "not substantial" because his friends are "poor people." (*Id.* at 6). He indicates no spouse and no assets. (*Id.* at 4). McCray was making $28.80 per month at Stateville Correctional Center between sometime in 2023 and August 2024, but identifies no more recent employment. (*Id.* at 3). Plaintiff has shown that paying the filing fee would prevent him from affording other necessities.

Moving to a review of Plaintiff's appeal: McCray intends to raise arguments regarding his 4th, 5th, 6th, and 14th Amendment rights. (*Id.* at 3). The Court finds that Plaintiff takes this appeal in good faith. McCray's 28 U.S.C. § 2254 petition was not dismissed for being frivolous but on a controlling question of law. *Cf. Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) (noting that it is self-contradictory to grant leave to appeal *in forma pauperis* when the same complaint was dismissed for being frivolous). Although this Court denied the petition on the merits, the standard of review to proceed *in forma pauperis* is lower; it requires only that the appeal be non-frivolous. *Cf. Neitzke v. Williams*, 490 U.S. 319, 330–31 (1989) (holding that screening of *in forma pauperis* complaint under Rule 12(b)(6) standard should not be conflated with standard for frivolousness). Congress has expressed a strong policy of "putting indigent plaintiffs on a similar footing with paying plaintiffs." *Id.* at 330. A paying plaintiff here would be able to appeal the Court's application of the controlling question of law.

McCray's Motion to amend or alter judgment is still pending at the district court. (Dkt. 51). Thus, his notice of appeal is premature and will be suspended until this Court's Order disposing of the last such remaining motion is entered. *See Katerinos v. U.S. Dep't of Treasury*, 368 F.3d

2

733 (7th Cir. 2004). That, however, is an issue of jurisdiction and timing under Federal Rule of Appellate Procedure 4(a)(4), and does weigh on the good faith inquiry at issue here.

The Court grants Plaintiff's Motion to proceed *in forma pauperis* on appeal. [58].

_____
Virginia M. Kendall
United States District Judge

Date: March 18, 2026