**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| NATHANIEL MCCRAY, | ) | |
| | ) | |
| *Petitioner*, | ) | No. 23 C 3768 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| CHARLES TRUITT, Warden, | ) | |
| Stateville Correctional Center, | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

### OPINION & ORDER

Pending before the Court is Nathaniel McCray's *pro se* Motion to Alter or Amend Judgment. (Dkt. 51).[1] McCray asks the Court to alter its September 2025 Order denying McCray's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and declining to issue a certificate of appealability. (Dkt. 48). The Court denies the Motion in full.

### BACKGROUND

The full scope of McCray's post-trial proceedings are detailed in this Court's prior ruling, which this Opinion incorporates as Background in full. (Dkt. 48 at 1–9). After a trial in the Circuit Court of Cook County, a jury found McCray guilty of first-degree murder and aggravated kidnapping. (Dkt. 39-11 at 270–71, Exhibit K). He received a sentence of 50 years' imprisonment for first degree murder and 25 years' imprisonment for aggravated kidnapping. (Dkt. 39-5 ¶ 5, Exhibit E, Second Postconviction Appeal Decision). McCray's codefendant Jennifer Reeves was also convicted in a separate proceeding. (*Id.* ¶ 5 n.1). Following various post-conviction

---

[1] McCray also submitted supplemental authority (Dkt. 62), which the Court has considered in its review of the Motion.

proceedings in the Illinois court system, McCray filed a habeas petition presenting thirteen grounds for relief to this Court. (Dkt. 21).

McCray's claims were as follows: (1) He was unlawfully arrested in violation of the Fourth Amendment, (Dkt. 21 at 6–7, 10–13); (2) trial counsel was ineffective for failing to challenge his unlawful arrest with a motion to suppress, (*id*. at 7, 14–16); (3) appellate counsel was ineffective for failing to challenge the trial attorney's decision not to raise a Fourth Amendment violation, (*id*. at 7, 17); (4) he was denied equal protection of the law by the prosecutor's exercise of peremptory strikes, which violated *Batson*, (*id*. at 8, 18–19); (5) appellate counsel was ineffective for failing to raise a *Batson* claim on appeal, (*id*. at 20–21); (6) the trial court exercised bias by holding improper *ex parte* communications during jury deliberations that resulted in the jury receiving a wooden door jamb exhibit, (*id*. at 22–26); (7) the trial court's use of a general verdict form for first degree murder denied petitioner a fair trial, (*id*. at 27–31); (8) trial counsel was ineffective for failing to challenge the trial court's use of a general verdict form, (*id*. at 33), (9) trial counsel was ineffective for failing to understand and articulate the sentencing consequences of using a general verdict form, (*id*. at 34–36); (10) appellate counsel was ineffective for failing to challenge the trial court's use of a general verdict form on appeal, and also the trial counsel's ineffectiveness on this ground, (*id*. at 37–38); (11) the trial court abused its discretion by sending the door jamb back to the jury during deliberations, (*id*. at 39–42); (12) the trial court abused its discretion by admitting motive evidence, thus violating due process, (*id*. at 43–44); and (13) the trial court erred in providing an accountability jury instruction, (*id*. at 47–49).

On September 2, 2025, this Court denied McCray's petition of habeas corpus pursuant to 28 U.S.C. § 2254 and declined to issue a certificate of appealability under 28 U.S.C. § 2253(c). (Dkt. 48). This Court found claim one to be non-cognizable. (*Id.* at 13). Claims two, three, four,

five, six, and twelve were denied on their merits; claims seven through ten were moot, and claims eleven and thirteen were procedurally defaulted. (*Id.* at 13–24). Later that month, McCray filed the present Motion to Alter or Amend Judgment while also indicating his intent to pursue the issue on appeal. (Dkts. 51, 52). In March 2026, the Court granted Plaintiff's Motion to *proceed in forma pauperis* on appeal. (Dkt. 63).

**STANDARD OF REVIEW**

McCray moves for reconsideration under Federal Rule of Civil Procedure 59(e). While Rule 59(e) governs motions that seek to "alter or amend a *judgment*," Rule 54(b) "provides that non-final orders may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012); Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 54(b). "Courts in this district generally apply the same standards in reconsidering their decisions under Rules 54(b) and 59(e)." *See Siemens Transformadores S.A. de C.V. v. Soo Line R. Co.*, 2012 WL 1938848, at *1 (N.D. Ill. May 29, 2012) (collecting cases).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). A manifest error is "not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, a manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). The Seventh Circuit describes reconsideration as most pertinent where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of

3

apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Rule 59(e) provides a narrow and extraordinary remedy, with the moving party bearing a heavy burden. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022); *see also Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) ("Relief under Rule 59(e) is an extraordinary remed[y] reserved for the exceptional case.") (internal citation omitted). A motion for reconsideration is not a vehicle for rehashing lost arguments or advancing theories or evidence that should have come out before the Court entered final judgment. *See Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019).

## DISCUSSION

McCray's Rule 59(e) Motion argues that the Court erred in rejecting nine of his thirteen claims. (Dkt. 51). Specifically, McCray alleges that the Court (1) mistakenly found that the state appellate court reasonably adjudicated Claims 2 and 3, (*id.* at 2–6); (2) overlooked evidence that rebuts the state court's factual determination disposing of Claim 6, (*id*. at 7–8); (3) incorrectly held that Claims 7, 8, 9, and 10 were moot, (*id*. at 8–10); and (4) erroneously deemed Claims 11 and 13 procedurally defaulted on an independent and adequate state ground. (*Id*. at 10–12).

### I.    Claims 2 and 3

McCray's arguments as to Claims 2 and 3 misconstrue the applicable legal standard as *de novo* instead of deferential. (Dkt. 51 at 2). Beyond that, he regurgitates the same arguments about his arrest he made in the initial habeas petition, which the Court has already disposed of in its prior Opinion. (*See* Dkt. 48). Indeed, McCray admits that it has been his "[position throughout [his] postconviction and present habeas corpus proceedings, that the fruits of the search warrant would have been suppressed because Detective William Brogan made false statements of material

4

fact . . . that without which the warrant affidavit could not support a finding of probable cause." (Dkt. 60-1 at 3). Yet a motion for reconsideration is not a vehicle for rehashing lost arguments already made consistently in earlier parts of the proceeding. *See Barrington Music Prods.*, 924 F.3d at 968. McCray points to the decision in *People v. Gakuba* as instructive as to his argument, but the case-specific handling of a search warrant at the trial court level does not govern the posture of this case. *People v. Gakuba*, 2017 IL App (2d) 150744-U, ¶ 18 (Ill. App. 2017). As this Court previously noted, the Illinois Appellate Court found that even if McCray was arrested unlawfully, the other evidence of guilt was "overwhelming." (Dkt. 38-5 ¶ 96). Thus, the Rule 59(e) Motion as to these arguments is denied.

## II.     Claim 6

McCray's sixth claim contended that the trial court held an improper *ex parte* hearing by holding a discussion outside the presence of defense counsel before sending an exhibit, a door jam, to the jury during deliberations. This Court, citing the Illinois Appellate Court's firm conclusion that "one of defendant's three attorneys was present for this discussion and stated his objection," rejected that claim on the merits. (Dkt. 48 at 22). Nonetheless, the Court noted that McCray referenced an affidavit marked "Ground 6, Exhibit A" that did not appear in the record; McCray claimed this affidavit demonstrates that the alleged present attorney was in fact absent when the exhibit was sent to the jury. The Rule 59(e) Motion attached that affidavit. (Dkt. 51 at 43, Exhibit C). This "affidavit," however, does not come from the alleged present attorney but from McCray himself, purporting to set forth that attorney's testimony while nonetheless conceding that the attorney has made no promises to testify of the sort. (Exhibit C at 43–47). Thus, the rest of the analysis holds, and this Court did not err by denying habeas relief on Claim 6.

### III.     Claims 7, 8, 9, and 10

The Court found that these claims moot because their underlying conviction and sentence no longer exist pursuant to the vacatur of McCray's aggravated kidnapping conviction. (Dkt. 48 at 23–24). In support of his Motion, McCray explicitly incorporates his memorandum of law from his habeas petition in violation of the purpose of Rule 59(e). (Dkt. 51 at 8). Once again, a Rule 59(e) Motion does not exist to re-litigate arguments already raised and decided. Moreover, McCray attempts to counter the determination that these claims are moot with general gestures at principles of justice. (*Id.*) Yet there is no "meaningful relief" this Court could provide as to those values. *Brown v. Vanihel*, 7 F.4th 666, 670 (7th Cir. 2021). This Court's prior determination stands.

### IV.     Claims 11 and 13

Finally, McCray seeks reconsideration as to this Court's determination that Claims 11 and 13—dealing with the trial court's decision to send the door jamb to the deliberating jury and regarding an accountability jury instruction, respectively—were procedurally defaulted. (Dkt. 48 at 24). The Illinois Appellate Court found these arguments waived pursuant to Illinois Supreme Court Rule 341(e)(7), amounting to an independent and adequate state ground for procedural default. (*Id.*) McCray now refers the Court to several examples of Illinois courts permitting exception to the rule. *See, e.g.*, *People v. Austin*, 443 N.E.2d 1107, 1107 (Ill. App. 1982).[2]

The Illinois Supreme Court has held that "[g]enerally, the consequences for failure to comply with Rule 341(e)(7) are that the issues will be deemed waived." *People v. Johnson*, 735

---

[2] While a Rule 59(e) Motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment," the Court will address McCray's theory on the merits, finding it nonetheless unpersuasive. *See Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006), *as amended* (Apr. 11, 2006)

N.E.2d 577, 580 (Ill. 2000). Appellate courts can choose to address the issues where the "record is short and the issues are simple," but that is a matter of discretion. *Id.* The fact that the Illinois Appellate Court did not utilize that discretion in evaluating McCray's claims does not disturb this Court's original determination on the habeas petition. "[A] discretionary rule can be 'firmly established' and 'regularly followed'—even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009). Accordingly, this Court correctly found petitioner's claims procedurally defaulted on an independent and adequate state ground.

## CONCLUSION

McCray has identified no new evidence or any manifest errors of law or fact in the Court's Opinion to meet the heavy burden of justifying alteration or amendment of the judgment entered in this case, including through a review of his supplemental authorities. [62] For the reasons set forth above, Plaintiff's Motion [51] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: March 27, 2026

7